JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Watkins, Charles M.

### DEFENDANTS
Pennsylvania State Police, Tpr. Reiter, John
Pennsylvania State Police, Tpr. Fischer, Nicholas

(b) County of Residence of First Listed Plaintiff: **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Berks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Bellwoar Kelly LLP, Andrew J. Bellwoar, Esq.,
126 W Miner St #1, West Chester, PA 19382
(610) 314-7066

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | [x] 440 Other Civil Rights / Habeas Corpus: | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1983 and §1988
Brief description of cause:
Violation of U.S. Constitutional Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 06/30/2021

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

CHARLES M. WATKINS

VS

JOHN REITER

And

NICHOLAS FISCHER                                JURY TRIAL DEMANDED

## COMPLAINT

1. CHARLES M. WATKINS brings this lawsuit under 42 U.S.C Section 1893 to redress the harm caused to him by two Pennsylvania State Troopers (John Reiter and Nicholas Fischer).

## PARTIES

2. Charles Watkins ("Charles") is an adult individual who resides at 144 Orchard Road, Perry Township, Berks County, PA.

3. John Reiter ("Reiter") is an adult individual who at all relevant times was employed by the Commonwealth of Pennsylvania as a state trooper. Reiter is being sued in his individual capacity.

4. Nicholas Fischer ("Fischer") is an adult individual who at all relevant times was employed by the Commonwealth of Pennsylvania as a state trooper. Fischer is being sued in his individual capacity.

## JURSIDICTION and VENUE

5. The acts described in this Complaint occurred in Berks County Pennsylvania, Plaintiff resides in the Eastern District of PA, the Defendants operated at all times under color of

state law, and this claim is brought pursuant to 42 U.S.C. Section 1983, thus jurisdiction and venue are proper in the Eastern District of Pennsylvania.

FACTS

6. On October 5, 2019, at approximately 4 PM, Reiter and Fischer were on duty, in uniform, and acting in their capacity as Pennsylvania State Troopers. Reiter and Fischer traveled to the private residence of Charles, and after knocking on his door, proceeded to question Charles.
7. Charles was, at that time, 79 years old. He had suffered a stroke a few years earlier, and still felt the effects of that stroke. Charles previously was a professor of philosophy at Kutztown University; he then went back to school and earned a law degree, practicing law up to about 5 years before the events of October 5, 2019.
8. When Reiter and Fischer came to Charles's door, he responded, and in due course asked the 2 troopers to leave his property. Charles then turned to go back inside his house.
9. Instead of leaving his property as requested, Reiter and Fischer assaulted Charles. Reiter grabbed Charles when Charles was inside the front door of his house and violently threw him to the ground. Fischer failed to intervene to stop Reiter, and in fact assisted Reiter.
10. As a result of this assault, Charles suffered a broken nose, fractured ribs, his glasses were broken, and the tendons in his arm were damaged, among other damages.
11. The 2 state troopers then filed false incident reports and false charges against Charles, all in an effort to cover up their wrongdoing.
12. Due to the falsehoods of Reiter and Fischer, Charles was arrested, had multiple charges lodged against him, and bail imposed on him. Charles was forced to hire a criminal defense attorney to represent him.
13. Then, compounding their misdeeds, Reiter testified at the preliminary hearing on the charges lodged against Charles, by repeating the lies he set forth in his incident report. Reiter lied under oath to the Court about what occurred at Charles's property.
14. There was no probable cause for the charges lodged against Charles.
15. The criminal charges were held for court based on the false testimony of Reiter, but eventually the District Attorney reviewed all the evidence, and determined that the

criminal charges against Charles related to Reiter and Fischer should be dismissed. The charges were dismissed.

## COUNT 1 FALSE ARREST

16. Plaintiff incorporates by reference the allegations in the above paragraphs as if set forth fully herein.
17. Defendants each acted under color of state law, and in so doing caused the arrest and prosecution of Charles.
18. The charges had no basis in fact, and there was no probable cause for an arrest, and thus the Defendants acted in such a way as to violate the Fourth Amendment to the U.S. Constitution.
19. As a direct result of the illegal arrest and prosecution, Charles sustained the following damages: loss of liberty; out of pocket expenses including attorney fees to defend against baseless charges; and personal humiliation, mental anguish and suffering.
20. Defendants are further liable to Charles for presenting a false Affidavit of Probable Cause to the Court, and for that Defendants should be made to pay punitive damages.

WHEREFORE, judgment should be entered in favor of Plaintiff Charles Watkins and jointly and severally against Defendants for compensatory damages, punitive damages, attorney fees, pre-judgment interest and post-judgment interest and such other costs as the Court deems appropriate.

## COUNT 2 MALICIOUS PROSECUTION

21. Plaintiff incorporates by reference the allegations in the above paragraphs as if set forth fully herein.
22. The false charges were prosecuted by the Defendants, in violation of Charles's Constitutional rights and this resulted in damages to Charles as aforesaid.

WHEREFORE, judgment should be entered in favor of Plaintiff Charles Watkins and jointly and severally against Defendants for compensatory damages, punitive damages, attorney fees, pre-judgment interest and post-judgment interest and such other costs as the Court deems appropriate.

### COUNT 3 EXCESSIVE FORCE

23. Plaintiff incorporates by reference the allegations in the above paragraphs as if set forth fully herein.
24. The force used by Defendants was neither privileged nor reasonable, nor warranted, under the circumstances, in violation of Charles's Constitutional rights, and this resulted in physical and mental harm to Charles.

WHEREFORE, judgment should be entered in favor of Plaintiff Charles Watkins and jointly and severally against Defendants for compensatory damages, punitive damages, attorney fees, pre-judgment interest and post-judgment interest and such other costs as the Court deems appropriate, all in excess of $150,000.00.

Andrew Bellwoar, Esq
Attorney for Charles Watkins

**Bellwoar Kelly LLP**
126 W. Miner Street
West Chester, PA 19382
P: (610) 314-7066